IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN-MOAE AWAI, | ) |
| | ) |
| Plaintiff, | )   20-cv-00632 |
| | ) |
| vs. | ) |
| | ) |
| USAA FEDERAL SAVINGS BANK and | ) |
| LAURA BISHOP, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Dismiss (ECF No. 21) filed by Defendants USAA Federal Savings Bank ("USAA FSB") and Laura Bishop ("Bishop") (collectively, "Defendants"). On July 20, 2020, the Honorable Maureen P. Kelly issued a Report and Recommendation (ECF No. 30)[1] in which Judge Kelly recommends that this Court grant Defendants' Motion to Dismiss, and further recommends that the Court dismiss Plaintiff's Complaint with prejudice, and without leave to amend, for failure to state a claim.  R & R 15, ECF No. 41.

Also before the Court are several appeals of and objections to various Orders entered in the above-captioned matter by Judge Kelly.  Plaintiff Nathan-Moae Awai ("Plaintiff") has filed the following Appeals and/or Objections that are now ripe for disposition: (1) "Objection and Motion to Reconsider Denied Hearing" (ECF No. 18), which objects to Judge Kelly's June 18, 2020 Order of Court (ECF No. 17) denying Plaintiff's Motion for Hearing to Clarify Identity of Claimant/Petitioner (ECF No. 16); (2) "Motion to Appeal Denial Order" (ECF No. 27), which also

---

[1] The Court notes that the Report and Recommendation was refiled at ECF No. 41, with the "[r]eason for [c]orrection" cited as "[s]ignature did not import."  ECF No. 41.  The Court will cite to the Report and Recommendation as follows: "R & R ____, ECF No. 41."

1

takes issue with Judge Kelly's June 18, 2020 Order of Court (ECF No. 17); (3) "Objection to Magistrate's Report and Recommendation, Motion for Appeal" (ECF No. 39); (4) "Objection to Magistrate's Erratum and Motion to Appeal" (ECF No. 43), which sets forth further objections to Judge Kelly's Report and Recommendation; (5) "Objection to Magistrate's Order to Strike and Motion to Appeal" (ECF No. 44), which objects to Judge Kelly's July 23, 2020 Order of Court (ECF No. 35) striking the "Notice of Request to Cease and Desist" filed by Plaintiff at ECF No. 34; (6) "Objection to Magistrate's Order to Strike and Motion to Appeal re: ECF No. 47" (ECF No. 49), which objects to Judge Kelly's September 17, 2020 Order of Court (ECF No. 47) striking the "Notice of Default and Opportunity to Cure" filed by Plaintiff at ECF No. 46; and (7) "Objection to Magistrate's Order, ECF No. 54 and Motion for Appeal" (ECF No. 55), which objects to Judge Kelly's November 16, 2020 Order (ECF No. 54) denying Plaintiff's Motion to Extend Time for Summons and Process of Service by Marshal (ECF No. 33).

## I. Legal Standard

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885,

2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**II.     Discussion**

Initially, upon review of Judge Kelly's July 20, 2020 Report and Recommendation, Plaintiff's Objections and relevant briefing, Defendants' Response in Opposition (ECF No. 45), as well as a review of the entire record in this matter, the Court agrees with the well-reasoned analysis set forth in Judge Kelly's Report and Recommendation. Plaintiff's Objections assert disagreement with the conclusions set forth in Judge Kelly's Report and Recommendation, utterly baseless and completely unsupported accusations of bias, and meritless assertions of violations of Fed. R. Evid. 605 and 801. *See* "Objection to Magistrate's Erratum and Motion to Appeal" ¶ 2, ECF No. 43. Following de novo review, the Court finds that Plaintiff's Objections to the Report and Recommendation lack merit. Accordingly, the Court will overrule Plaintiff's Objections to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety as the opinion of the Court. Because the Court agrees that Plaintiff's Complaint fails

to state a claim, and further agrees that amendment of the Complaint would be futile, the Court will grant Defendants' Motion to Dismiss and will dismiss Plaintiff's Complaint with prejudice.

With respect to Plaintiff's remaining filings, the Court notes, as provided in Judge Kelly's Report and Recommendation, that:

> Pro se pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); *Freeman v. Department of Corr.*, 949 F.2d 360 (10th Cir. 1991).
>
> Yet there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Because Plaintiff is a pro se litigant, the Court will consider the facts and make inferences where it is appropriate.

R & R 5-6, ECF No. 41. Following review of the entire record in this matter, including all relevant briefing, the Court finds as follows:

Plaintiff's filings at ECF Nos. 18 and 27 assert objections to and an appeal of Judge Kelly's June 18, 2020 Order of Court (ECF No. 17), which denied Plaintiff's Motion for Hearing to Clarify Identity of Claimant/Petitioner (ECF No. 16). Plaintiff asserts that the hearing requested in his Motion was necessary to establish that the use of capitalized letters to spell his name on documents filed of record and on the CM/ECF electronic docketing system is improper because "NATHAN-MOAE AWAI" is a fictitious name that Plaintiff claims to have copyrighted, and that the only correct spelling of his name is "Nathan-Moae Awai." *See* ECF Nos. 16; 18; 28. Plaintiff's argument, specifically that the spelling of his name in capital letters results in a failure of the

documents filed of record to correctly identify the Plaintiff, has been routinely and squarely rejected by courts as baseless and frivolous. *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008); *United States v. Rivera*, No. CIV 14-0579 JB/CG, 2015 WL 4042197, at *20-22 (D.N.M. June 30, 2015); *United States v. Washington*, 947 F. Supp. 87, 92 (S.D.N.Y. 1996); *see also Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) ("In closing, we note that Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in any court of law, and he would be wise to direct his energies in a more productive direction."). Judge Kelly was correct to deny as meritless the Motion to conduct a hearing on this entirely frivolous issue. Accordingly, this Court finds that the objections and assertions raised by Plaintiff in his "Objection and Motion to Reconsider Denied Hearing" and "Motion to Appeal Denial Order" are frivolous and meritless. The Court further finds that Judge Kelly's June 18, 2020 Order of Court denying Plaintiff's Motion for Hearing to Clarify Identity of Claimant/Petitioner "as without merit" is well-founded and correct, and the Court will thus affirm that Order and overrule Plaintiff's Objections and deny Plaintiff's Appeal as to Judge Kelly's June 18, 2020 Order.

      Plaintiff's "Objection to Magistrate's Order to Strike and Motion to Appeal" (ECF No. 44), which objects to Judge Kelly's July 23, 2020 Order of Court (ECF No. 35) striking the "Notice of Request to Cease and Desist" filed by Plaintiff at ECF No. 34, and Plaintiff's "Objection to Magistrate's Order to Strike and Motion to Appeal re: ECF No. 47" (ECF No. 49), which objects to Judge Kelly's September 17, 2020 Order of Court (ECF No. 47) striking the "Notice of Default and Opportunity to Cure" filed by Plaintiff at ECF No. 46, similarly advance assertions that "NATHAN-MOAE AWAI" is a fictitious name that Plaintiff has copyrighted, and assert that

Judge Kelly was incorrect to strike documents that took issue with, and requested payment for, the Court's use of that purportedly fictitious name in Court-filings and on the CM/ECF electronic docketing system.[2]  *See* ECF Nos. 44; 49; 50.  The Court finds that the stricken documents set forth entirely frivolous and meritless assertions respecting Plaintiff's entitlement to "bill" the Court with respect to the use of the name "NATHAN-MOAE AWAI" in documents filed on the docket in this matter.  *See Miles v. United States*, No. 14-416C, 2014 WL 5020574, at *3 (Fed. Cl. Oct. 6, 2014); *Ausler v. United States*, 545 F.3d 1101, 1104 (8th Cir. 2008); *In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 4925096, at *8 (Bankr. S.D.N.Y. Sept. 30, 2014); *Lemeur v. Vaughn*, No. CIV 09-5257, 2010 WL 4116829, at *3 (W.D. Ark. Sept. 10, 2010), *report and recommendation adopted*, No. CIV. 09-5257, 2010 WL 4136987 (W.D. Ark. Oct. 19, 2010); *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008).  Accordingly, the Court finds that the documents filed at ECF Nos. 34 and 46, and the assertions advanced therein, are frivolous, and are, in any event, completely unrelated to the litigation initiated by Plaintiff in this action.  Judge Kelly was correct to observe that these documents "serve[] no legitimate purpose in furtherance of this litigation" and that these documents were "filed in bad faith in an attempt to harass the Court." ECF Nos. 35; 47.  The Court will thus affirm Judge Kelly's Orders which struck these irrelevant, impertinent, and frivolous documents, and will overrule Plaintiff's Objections and deny Plaintiff's Appeals with respect to those Orders.

Because this Court has adopted Judge Kelly's Report and Recommendation in its entirety, and because the basis for dismissal of Plaintiff's Complaint is Plaintiff's failure to state a claim, the Court finds that Plaintiff's "Objection to Magistrate's Order, ECF No. 54 and Motion for

---

[2] These filings again assert an Objection respecting Judge Kelly's decision to not hold a hearing on the issue of the spelling of Plaintiff's name in capital letters in Court filings.  *See* ECF No. 50.  For the same reasons discussed above, the Court will overrule Plaintiff's Objection with respect to Judge Kelly's decision to not hold a hearing as to Plaintiff's frivolous Motion.

Appeal" (ECF No. 55), which objects to Judge Kelly's November 16, 2020 Order (ECF No. 54) denying Plaintiff's Motion to Extend Time for Summons and Process of Service by Marshal (ECF No. 33), is moot.  As such, the Court will deny Plaintiff's Appeal and overrule Plaintiff's Objections with respect to Judge Kelly's November 16, 2020 Order.

### III.    Conclusion and Order of Court

For the reasons discussed above, the Court will deny each of Plaintiff's Appeals and overrule each of his Objections.  Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Objections (ECF Nos. 39/43) to Judge Kelly's Report and Recommendation (ECF No. 30/41) are overruled, and the Court approves and adopts the Report and Recommendation in its entirety as the opinion of the Court.  Defendants' Motion to Dismiss (ECF No. 21) is granted, and Plaintiff's Complaint (ECF No. 1) is hereby dismissed with prejudice and without leave to amend.

2. With respect to Plaintiff's "Objection and Motion to Reconsider Denied Hearing" (ECF No. 18) and Plaintiff's "Motion to Appeal Denial Order" (ECF No. 27), Plaintiff's Objections are overruled and his appeal is denied.   Judge Kelly's June 18, 2020 Order of Court (ECF No. 17) is affirmed.

3. With respect to Plaintiff's "Objection to Magistrate's Order to Strike and Motion to Appeal" (ECF No. 44) and Plaintiff's "Objection to Magistrate's Order to Strike and Motion to Appeal re: ECF No. 47" (ECF No. 49), Plaintiff's Objections are overruled and Plaintiff's appeals are denied.   Judge Kelly's July 23, 2020 Order of Court (ECF No. 35) and Judge Kelly's September 17, 2020 Order of Court (ECF No. 47) are affirmed.

4. The Appeal and Objections raised in Plaintiff's "Objection to Magistrate's Order, ECF No. 54 and Motion for Appeal" (ECF No. 55) are denied and overruled as moot.

5. The Clerk of Courts shall mark this case as CLOSED.

                                              BY THE COURT:

                                              s/*Robert J. Colville*
                                              Robert J. Colville
                                              United States District Judge

DATED: February 19, 2021

cc/ecf: All counsel of record

       Nathan-Moae Awai